**Michael E. Haglund** OSB No. 772030
email: mhaglund@hk-law.com
**Michael K. Kelley** OSB No. 853782
email: mkelley@hk-law.com
**Shay S. Scott** OSB No. 934214
email: sscott@hk-law.com
**HAGLUND KELLEY HORNGREN JONES
    & WILDER LLP**
200 SW Market Street, Suite 1777
Portland, Oregon 97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Medford Division)

| | |
|---|---|
| **LLOYD D. WHALEY and TODD L. WHALEY,**<br><br>           Plaintiffs,<br>   v.<br><br>**PACIFIC SEAFOOD GROUP, DULCICH, INC., FRANK DULCICH, PACIFIC SEAFOOD GROUP ACQUISITION COMPANY, INC., PACIFIC SEAFOOD WASHINGTON ACQUISITION CO., INC., BANDON PACIFIC, INC., BIO-OREGON PROTEIN, INC., NORTH BEND OYSTER COMPANY, INC., PACIFIC CHOICE SEAFOOD COMPANY, PACIFIC COAST SEAFOODS COMPANY, PACIFIC GARIBALDI, INC., PACIFIC GOLD SEAFOOD COMPANY, PACIFIC OYSTER CO., PACIFIC PRIDE SEA FOOD COMPANY, PACIFIC SEA FOOD CO., PACIFIC SURIMI CO., INC., PACIFIC TUNA COMPANY, LLC, WASHINGTON CRAB PRODUCERS, INC., PACIFIC AQUACULTURE, INC.,** | Case No.:   10-3057-PA<br><br>**PLAINTIFFS' MOTION FOR ADDITIONAL ACCESS TO FISH TICKET DATABASES**<br><br>**(Expedited Consideration Requested)** |

PAGE 1 -   PLAINTIFFS' MOTION FOR
           ADDITIONAL ACCESS TO FISH
           TICKET DATABASES

| |
|---|
| **PACIFIC ALASKA SHELLFISH, INC., SEA LEVEL SEAFOODS, LLC, ISLAND FISH CO., LLC, PACIFIC RESURRECTION BAY, PACIFIC CONQUEST, INC., CALAMARI, LLC, JO MARIE LLC, LESLIE LEE, LLC, MISS PACIFIC, LLC, PACIFIC FUTURE, LLC, PACIFIC GRUMPY J, LLC, PACIFIC HOOKER, LLC, PACIFIC HORIZON, LLC, PACIFIC KNIGHT, LLC, PRIVATEER LLC, SEA PRINCESS, LLC, TRIPLE STAR, LLC, PACIFIC FISHING, LLC, PACIFIC SEA FOOD OF ARIZONA, INC., STARFISH INVESTMENTS, INC., DULCICH SURIMI, LLC, BIO-OREGON PROPERTIES, LLC, PACIFIC GROUP TRANSPORT CO., PACIFIC MARKETING GROUP, INC., PACIFIC RUSSIA, INC., PACIFIC RUSSIA VENTURES, LLC, PACIFIC TUNA HOLDING COMPANY, INC., POWELL STREET MARKET LLC, PACIFIC FRESH SEA FOOD COMPANY, SEACLIFF SEAFOODS, INC., COPPER RIVER RESOURCE HOLDING CO., INC., PACIFIC COPPER RIVER ACQUISITION CO., INC., SEA LEVEL SEAFOODS ACQUISITION, INC., ISLAND COHO, LLC, S & S SEAFOOD CO., INC., PACIFIC SEAFOOD DISC, INC., OCEAN GOLD SEAFOODS, INC., OCEAN COLD LLC, OCEAN PROTEIN, LLC, OCEAN GOLD FISHERIES LLC, and OCEAN GOLD TRANSPORT LLC,**       Defendants. |

In accordance with LR 7.1, the parties conferred in good faith to resolve the matter of dispute in this motion and have been unable to do so.

**PAGE 2 -   PLAINTIFFS' MOTION FOR ADDITIONAL ACCESS TO FISH TICKET DATABASES**

HAGLUND KELLEY HORNGREN JONES & WILDER, LLC
200 SW Market Street, Suite 1777
Portland, OR  97201
(503) 225-0777/(503) 225-1257 (fax)
0000006545H073PL53

Plaintiffs move for an Amended Order Allowing Access to Fish Ticket Databases in Oregon, Washington, California and Alaska which provides confidential access to the following:

1.     For the period January 1, 1987 to the present, and on an ongoing basis, access to the Pacific Fisheries Information Network ("PacFIN") maintained by the Pacific States Marine Fisheries Commission for the following seafood commodities: Dungeness crab; all groundfish species; Pacific Whiting; and Pacific cold water shrimp;

2.     For the period January 1, 1987 to the present, and on an ongoing basis, access to the Alaska Fisheries Information Network ("AKFIN") maintained by the Pacific States Marine Fisheries Commission; and

3.     The quota share calculations performed by the Northwest Regional Office of the National Marine Fisheries Service for the West Coast groundfish and whiting fisheries.

Granting plaintiffs' motion will extend the timeframe for access to the PacFIN databases to include the periods of January 1, 1987 through December 31, 1994 and January 1, 2010 to the present and on a going-forward basis throughout the pendency of this case. In addition, plaintiffs request that the order allow the parties access to certain quota share calculations performed by the National Marine Fisheries Service that are based upon PacFIN data as well as access to the Alaska fish ticket database known as AKFIN.

As was the case in connection with plaintiffs' previous motion, this information is confidential pursuant to the Magnuson-Stevens Act, 16 U.S.C. § 1881(a)(b)(2), but it can be released in appropriate cases pursuant to court order. Consistent with this Court's August 10 Order, all of the data obtained by the parties pursuant to the requested Amended Order would be treated as "Highly Confidential" in accordance with terms and procedures described in the

PAGE 3 -   PLAINTIFFS' MOTION FOR ADDITIONAL ACCESS TO FISH TICKET DATABASES

HAGLUND KELLEY HORNGREN JONES & WILDER, LLC
200 SW Market Street, Suite 1777
Portland, OR 97201
(503) 225-0777/(503) 225-1257 (fax)
0000006545H073PL53

Stipulation and Protective Order Governing the Production and Exchange of Confidential Information, entered by this Court on August 30, 2010.

In support of this motion, plaintiffs rely upon the discussion below, the record herein, the Declaration of Professor James E. Wilen in Support of Plaintiffs' Motion for Class Certification, and the Declaration of Michael E. Haglund. In antitrust cases, the parties need access to the best available data to derive the alleged monopolist's market share in multiple years and to determine damages. As noted in the Haglund Declaration, plaintiffs' expert Professor James Wilen has identified the need for PacFIN data during the years before 1995 in order to estimate Pacific Seafood Group's benchmark profitability during the early years of its growth. According to Professor Wilen, it will be useful to derive the market shares of Pacific Seafood Group in the four relevant markets during a timeframe when its market power was relatively low, and these markets were very competitive. Haglund Decl. ¶¶ 3-4 and Wilen Decl. ¶ 40. Plaintiffs also need access beyond the data access end date of December 31, 2009 in the current Order to calculate damages in 2010 and throughout the pendency of this case.

Plaintiffs' need for access to the AKFIN database is also based upon the opinion of fisheries economist Wilen. Another possible benchmark to determine the level of price suppression in the four relevant seafood input markets in this case includes a comparison of ex vessel price trends in West Coast markets with comparable markets in Alaska. Wilen Decl. ¶¶ 45-47. Plaintiffs therefore request access to AKFIN over the same period of time that has been requested of the PacFIN database, namely January 1, 1987 through the present and on an ongoing basis.

PAGE 4 -   PLAINTIFFS' MOTION FOR ADDITIONAL ACCESS TO FISH TICKET DATABASES

HAGLUND KELLEY HORNGREN JONES & WILDER, LLC
200 SW Market Street, Suite 1777
Portland, OR  97201
(503) 225-0777/(503) 225-1257 (fax)

0000006545H073PL53

Finally, Plaintiffs' Second Amended Complaint alleges that Pacific Seafood Group is achieving control over multiple fishermen through loan transactions which require these fishermen to deliver all fish caught by the fishing vessel involved in the transaction to Pacific Seafood Group plants until the loan is fully paid off. These allegations have been corroborated by the loan documents involving dozens of fishermen produced by defendants during discovery.

As of January 1, 2011, the federal regulators of the West Coast groundfish and whiting fisheries will distribute quota shares accounting for all of the annual harvest in the groundfish fishery (100% to vessels based on historic catch data) and in the whiting fishery (80% to vessels and 20% to processors based on historic hatch and processing data). As set out in the Haglund Declaration, the National Marine Fisheries Service (NMFS) through its Northwest regional office in Seattle, Washington has received the PacFIN data necessary to calculate the individual vessel and processor quota shares that will be in effect in 2011. In order to determine with precision the extent of Pacific Seafood Group's control in particular groundfish species and in the whiting fishery, plaintiffs need access to the quota share lists that have been generated by NMFS, but which cannot be disclosed to the parties in this case without a court order.

: : :

PAGE 5 -   PLAINTIFFS' MOTION FOR ADDITIONAL ACCESS TO FISH TICKET DATABASES

HAGLUND KELLEY HORNGREN JONES & WILDER, LLC
200 SW Market Street, Suite 1777
Portland, OR 97201
(503) 225-0777/(503) 225-1257 (fax)
0000006545H073PL53

Attached as Exhibit A is a proposed form of Amended Order that would allow the parties confidential access to the three categories of data described above, specifically PacFIN data AKFIN data and quota share percentages based on PacFIN data.

DATED this 22nd day of October, 2010.

HAGLUND KELLEY HORNGREN JONES & WILDER, LLP


By:/s/ Michael E. Haglund
    Michael E. Haglund, OSB No. 772030
    Attorneys for Plaintiffs

PAGE 6 -   PLAINTIFFS' MOTION FOR ADDITIONAL ACCESS TO FISH TICKET DATABASES

HAGLUND KELLEY HORNGREN JONES & WILDER, LLC
200 SW Market Street, Suite 1777
Portland, OR  97201
(503) 225-0777/(503) 225-1257 (fax)
0000006545H073PL53

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of October, 2010, I served the foregoing

**PLAINTIFFS' MOTION FOR ADDITIONAL ACCESS TO FISH TICKET DATABASES**,

on the following by the following indicated method(s):

    Michael J. Esler
    Esler Stephens & Buckley
    888 SW Fifth Avenue, Suite 700
    Portland, OR 97204-2021

    Robert E. Bloch
    Mayer Brown, LLP
    1999 K Street, NW
    Washington, DC  20006

☐   by **mailing** a full, true and correct copy thereof in a sealed first-class postage prepaid envelope, addressed to the foregoing attorneys at their last known office address, and deposited with the United States Post Office at Portland, Oregon on the date set forth above.

☐   by **emailing** a full, true and correct copy thereof to the foregoing attorneys at their last known email address, on the date set forth above.

☐   by causing a full, true and correct copy thereof to be **hand delivered** to the attorneys at their last known address listed above on the date set forth above.

☐   by sending a full, true and correct copy thereof via **overnight mail** in a sealed, prepaid envelope, addressed to the attorneys as shown above on the date set forth above.

☐   by **faxing** a full, true and correct copy thereof to the attorneys at the fax number shown above, which is the last-known fax number for the attorneys' office on the date set forth above.

☒   by transmitting full, true and correct copies thereof to the attorneys through the court's Cm/ECF system on the date set forth above.

                                                <u>Michael E. Haglund</u>
                                               Michael E. Haglund