**Michael E. Haglund** OSB No. 772030
email:  mhaglund@hk-law.com
**Michael K. Kelley** OSB No. 853782
email:  mkelley@hk-law.com
**Shay S. Scott** OSB No. 934214
email:  sscott@hk-law.com
**HAGLUND KELLEY HORNGREN JONES
        & WILDER LLP**
200 SW Market Street, Suite 1777
Portland, Oregon 97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Medford Division)

| | |
|---|---|
| **LLOYD D. WHALEY and TODD L. WHALEY,**<br><br>          Plaintiffs,<br><br>     v.<br><br>**PACIFIC SEAFOOD GROUP, DULCICH, INC., FRANK DULCICH, PACIFIC SEAFOOD GROUP ACQUISITION COMPANY, INC., PACIFIC SEAFOOD WASHINGTON ACQUISITION CO., INC., BANDON PACIFIC, INC., BIO-OREGON PROTEIN, INC., NORTH BEND OYSTER COMPANY, INC., PACIFIC CHOICE SEAFOOD COMPANY, PACIFIC COAST SEAFOODS COMPANY, PACIFIC GARIBALDI, INC., PACIFIC GOLD SEAFOOD COMPANY, PACIFIC OYSTER CO., PACIFIC PRIDE SEA FOOD COMPANY, PACIFIC SEA FOOD CO., PACIFIC SURIMI CO., INC.,** | Case No.:   10-3057-PA<br><br><br>**PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION SCHEDULING CONFERENCE AND MOTION TO COMPEL RELEVANT DISCOVERY** |

**PAGE 1 –    PLAINTIFFS' REQUEST FOR
                   PRELIMINARY INJUNCTION
                   SCHEDULING CONFERENCE AND
                   MOTION TO COMPEL RELEVANT
                   DISCOVERY**

PACIFIC TUNA COMPANY, LLC,
WASHINGTON CRAB PRODUCERS,
INC., PACIFIC AQUACULTURE, INC.,
PACIFIC ALASKA SHELLFISH, INC.,
SEA LEVEL SEAFOODS, LLC, ISLAND
FISH CO., LLC, PACIFIC
RESURRECTION BAY, PACIFIC
CONQUEST, INC., CALAMARI, LLC,
JO MARIE LLC, LESLIE LEE, LLC,
MISS PACIFIC, LLC, PACIFIC FUTURE,
LLC, PACIFIC GRUMPY J, LLC,
PACIFIC HOOKER, LLC, PACIFIC
HORIZON, LLC, PACIFIC KNIGHT,
LLC, PRIVATEER LLC, SEA PRINCESS,
LLC, TRIPLE STAR, LLC, PACIFIC
FISHING, LLC, PACIFIC SEA FOOD OF
ARIZONA, INC., STARFISH
INVESTMENTS, INC., DULCICH
SURIMI, LLC, BIO-OREGON
PROPERTIES, LLC, PACIFIC GROUP
TRANSPORT CO., PACIFIC
MARKETING GROUP, INC., PACIFIC
RUSSIA, INC., PACIFIC RUSSIA
VENTURES, LLC, PACIFIC TUNA
HOLDING COMPANY, INC., POWELL
STREET MARKET LLC, PACIFIC
FRESH SEA FOOD COMPANY,
SEACLIFF SEAFOODS, INC., COPPER
RIVER RESOURCE HOLDING CO.,
INC., PACIFIC COPPER RIVER
ACQUISITION CO., INC., SEA LEVEL
SEAFOODS ACQUISITION, INC.,
ISLAND COHO, LLC, S & S SEAFOOD
CO., INC., PACIFIC SEAFOOD DISC,
INC., OCEAN GOLD SEAFOODS, INC.,
OCEAN COLD LLC, OCEAN PROTEIN,
LLC, OCEAN GOLD FISHERIES LLC,
and OCEAN GOLD TRANSPORT LLC,

Defendants.

PAGE 2 –    PLAINTIFFS' REQUEST FOR
PRELIMINARY INJUNCTION
SCHEDULING CONFERENCE AND
MOTION TO COMPEL RELEVANT
DISCOVERY

For the reasons set out below and in the accompanying Declaration of Michael E. Haglund, plaintiffs request that the Court hold a preliminary injunction scheduling conference later this week and order defendants to produce discovery relevant to the question of whether Pacific Seafood Group should be allowed to acquire the highest capacity seafood processing and fishmeal processing plants on the West Coast in the midst of an antitrust case challenging its illegal acquisition of monopoly power in the West Coast's four highest value and volume seafood input markets.  In a scheduling order entered on November 15, this Court set a preliminary injunction hearing for November 23, 2010 at 10:00 a.m. by telephone.  As explained below, plaintiffs will not have sufficient time to develop the necessary factual record and to prepare the legal memorandum that are necessary to fully inform the Court on an issue of such major importance.  Further, despite discovery requests dating back nearly four months, the Pacific Seafood Group defendants have failed to produce a wide range of information that is critically important to evaluating whether Pacific Seafood Group should be allowed to make permanent through acquisition its market dominance in multiple seafood input markets.

On July 23, 2010, plaintiffs served their first request for production of documents on counsel for Pacific Seafood Group.  Request No. 32 stated as follows:

> During the period of January 1, 2005 through December 31, 2010, produce all documents related to the effort to purchase any existing seafood processor on the U.S. West Coast, including, but not limited to draft agreements, correspondence or market analysis.

Haglund Decl. Ex. F at 11.

**PAGE 3 –**  **PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION SCHEDULING CONFERENCE AND MOTION TO COMPEL RELEVANT DISCOVERY**

HAGLUND KELLEY HORNGREN JONES & WILDER, LLC
200 SW Market Street, Suite 1777
Portland, OR  97201
(503) 225-0777/(503) 225-1257 (fax)
0000007141H073PL75

Despite the clarity of the above request and this Court's August 25 order requiring Pacific Seafood Group to respond to plaintiffs' discovery requests by September 25, it was not until plaintiffs filed their Motion for Temporary Restraining Order on November 12 that Pacific Seafood Group produced the two-page term sheet signed in the spring of 2010 committing Pacific Seafood Group and defendants Ocean Gold Seafoods, Inc. and Ocean Protein LLC to a multi-month process designed to lead to Pacific Seafood Group's acquisition of a major potential competitor. Plaintiffs refer to the Ocean Gold Group defendants as a "potential" competitor because Pacific Seafood Group presently controls all of the operations of Ocean Gold Seafoods, Inc. through an illegal 10-year agreement that has been filed under seal.

Pacific Seafood Group has improperly withheld obviously relevant documentation from plaintiffs for the purpose of closing an illegal and anticompetitive transaction. Were it not for the telephone tip provided to plaintiff and proposed Class representative Todd Whaley last week and set out in his declaration (Docket No. 144), plaintiffs would not have filed their motion for a TRO and, given defense counsel's disclosure on November 12 that the parties had scheduled negotiation sessions for this week and hoped to sign final documents by December 1, this deal likely would have closed without plaintiffs learning of it until after the fact.

This Court should not condone such egregious discovery abuse. To date, while Pacific Seafood Group has produced nearly 100,000 documents, the largest volume of this production consists of many thousands of insignificant pages documenting the purchases of seafood commodities from fishermen. Missing from this production are any financial statements,

**PAGE 4 –**    **PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION SCHEDULING CONFERENCE AND MOTION TO COMPEL RELEVANT DISCOVERY**

HAGLUND KELLEY HORNGREN JONES & WILDER, LLC
200 SW Market Street, Suite 1777
Portland, OR 97201
(503) 225-0777/(503) 225-1257 (fax)
0000007141H073PL75

management reports, strategic planning documents, market analyses or current agreements with competitor processors that plaintiffs have not already secured pursuant to third-party subpoena.

Plaintiffs object to defendants' obviously calculated approach to what they characterize as "rolling discovery" as it is obvious that this is being used as a device to hold back the most important and sensitive documents for as long as possible. Two examples prove this point. First, plaintiffs were not provided with the term sheet regarding the proposed sale of Ocean Gold Seafoods and Ocean Gold Protein to Pacific Seafood Group until the filing of plaintiffs' Motion for Temporary Restraining Order on November 12. Second, plaintiffs have yet to receive any production from Pacific Seafood Group that includes the anticompetitive contract with Jessie's Ilwaco Fish Company that was received in response to a subpoena served on that company. Further, it was not until plaintiffs obtained the Ocean Gold Seafoods and Del Mar Seafoods contracts with Pacific Seafood Group in response to subpoenas served on those companies that Pacific Seafood Group produced the same agreements (the Del Mar Seafoods agreement just yesterday).

Also on November 12, counsel for Pacific Seafood Group offered to provide plaintiffs with five days' notice of the opportunity to challenge the proposed acquisition. At the time, plaintiffs' counsel responded that five days' notice was too short a time within which to prepare and file a motion for preliminary injunction, particularly without discovery directly pertinent to the proposed transaction and its impact on competition. Plaintiffs' counsel promised to respond during the weekend or on Monday regarding a proposed alternative schedule. On Sunday, November 14, plaintiffs' counsel emailed letters to counsel for Pacific Seafood Group and Ocean

PAGE 5 –    PLAINTIFFS' REQUEST FOR
PRELIMINARY INJUNCTION
SCHEDULING CONFERENCE AND
MOTION TO COMPEL RELEVANT
DISCOVERY

Gold Group that are attached as Exhibits B and C to the Haglund declaration. In these letters, plaintiffs' counsel stated that plaintiffs would be willing to file a motion for preliminary injunction challenging the Pacific Seafood Group acquisition of Ocean Gold Group assets on an expedited basis provided key documentation was produced within two weeks, a pair of additional targeted interrogatories were answered within the same time frame and key personnel with knowledge about relevant issues were available for deposition during the weeks of November 28 and December 5. Provided defendants agreed to this expedited schedule to quickly develop the information necessary to develop a fair and full record regarding the impact of the proposed Pacific Seafood Group acquisition, plaintiffs were prepared to file their motion for preliminary injunction on December 22, 2010 and to bring the matter on for hearing in January, 2011. Submitted with those letters were a draft stipulation to implement plaintiffs' proposed schedule and a pleading containing the two additional interrogatories directed to Pacific Seafood Group. The letter to Ocean Gold Group's counsel promised to provide plaintiffs' first set of discovery requests the following day when all counsel were together for the deposition of plaintiff Todd Whaley, which in fact occurred.

There was no response to plaintiffs' scheduling proposal until the filing of Pacific Seafood Group's status report regarding plaintiffs' Motion for Temporary Restraining Order filed on November 15. (Docket No. 147). Plaintiffs' counsel subsequently confirmed on November 15 in a conversation with lead defense counsel for Pacific Seafood Group that the status report constituted Pacific Seafood Group's response to plaintiffs' November 14 scheduling proposal.

PAGE 6 –     **PLAINTIFFS' REQUEST FOR**
             **PRELIMINARY INJUNCTION**
             **SCHEDULING CONFERENCE AND**
             **MOTION TO COMPEL RELEVANT**
             **DISCOVERY**

HAGLUND KELLEY HORNGREN JONES & WILDER, LLC
200 SW Market Street, Suite 1777
Portland, OR 97201
(503) 225-0777/(503) 225-1257 (fax)
0000007141H073PL75

To prevail on a motion for preliminary injunction, plaintiffs must meet a substantial evidentiary and legal burden. Plaintiffs must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 374 (2008).

Plaintiffs cannot be prepared to litigate a preliminary injunction motion against the Pacific Seafood Group/Ocean Gold Group transaction by November 23, 2010 for the following four reasons, all of which are explained in detail in the Haglund declaration:

1. Plaintiffs' counsel and their experts must have access to the targeted list of financial and management report information set out in the plaintiffs' counsel's November 14 correspondence in order to understand and evaluate not only the existing agreement between Pacific Seafood Group and Ocean Gold Group, but the proposed major acquisition as well. Haglund Decl. ¶¶ 7-8.

2. Plaintiffs do not expect to receive additional PacFIN and processor and fishing vessel quota share calculations in the whiting and groundfish fisheries until the end of this week, which provides inadequate time for plaintiffs' economists to evaluate this data to and prepare their declarations in support of the preliminary injunction. Id. ¶ 9.

3. Plaintiffs' lead counsel has a long scheduled family vacation out of the country during the week of Thanksgiving, departing on the evening of Friday, November 19, and returning on Sunday, November 28. Id. ¶ 10.

4. The Oregon Department of Justice has indicated that the Attorney General has concerns about consolidation in the seafood industry and would like a reasonable opportunity to review the proposed transaction. Id. ¶ 11.

Given the breadth of the record that must be assembled in order for plaintiffs to secure a preliminary injunction against the proposed transaction, it is only fair that defendants be ordered to provide relevant, targeted discovery on an expedited basis and that plaintiffs have two weeks

**PAGE 7 –    PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION SCHEDULING CONFERENCE AND MOTION TO COMPEL RELEVANT DISCOVERY**

HAGLUND KELLEY HORNGREN JONES & WILDER, LLC
200 SW Market Street, Suite 1777
Portland, OR 97201
(503) 225-0777/(503) 225-1257 (fax)
0000007141H073PL75

following the conclusion of that discovery to prepare multiple fact witness and expert witness declarations as well as their supporting legal memorandum. Considering that defendants have characterized the negotiations between Pacific Seafood Group and Ocean Gold Group as "on again, off again and on again," there is no prejudice to defendants if an appropriate schedule is developed that enables plaintiffs to develop a comprehensive record for the Court's consideration on an issue of huge significance to the competitive health of the West Coast fishing industry. In contrast, if defendants are able to rush through this enormously significant deal without adequate judicial scrutiny, the harm to competition may be irreversible.

DATED this 16th day of November, 2010.

HAGLUND KELLEY HORNGREN JONES &
WILDER, LLP


By: /s/ Michael E. Haglund
    Michael E. Haglund, OSB No. 772030
    Attorneys for Plaintiffs

**PAGE 8 –**    **PLAINTIFFS' REQUEST FOR
PRELIMINARY INJUNCTION
SCHEDULING CONFERENCE AND
MOTION TO COMPEL RELEVANT
DISCOVERY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November, 2010, I served the foregoing

PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION SCHEDULING

CONFERENCE AND MOTION TO COMPEL RELEVANT DISCOVERY, on the following by

the following indicated method(s):

Michael J. Esler
Esler Stephens & Buckley
888 SW Fifth Avenue, Suite 700
Portland, OR 97204-2021

Robert E. Bloch
Mayer Brown, LLP
1999 K Street, NW
Washington, DC  20006
Attorneys for Pacific Seafood
Defendants

William L. Larkins, Jr.
Chris Kayser
Larkins Vacura LLP
621 SW Morrison Street, Suite 1450
Portland,  OR 97205
Attorneys for Ocean Gold Defendants

☐    by **emailing and mailing** a full, true and correct copy thereof in a sealed first-class postage prepaid envelope, addressed to the foregoing attorneys at their last known office address, and deposited with the United States Post Office at Portland, Oregon on the date set forth above.

☐    by causing a full, true and correct copy thereof to be **hand delivered** to the attorneys at their last known address listed above on the date set forth above.

☐    by sending a full, true and correct copy thereof via **overnight mail** in a sealed, prepaid envelope, addressed to the attorneys as shown above on the date set forth above.

☐    by **faxing** a full, true and correct copy thereof to the attorneys at the fax number shown above, which is the last-known fax number for the attorneys' office on the date set forth above.

☒    by transmitting full, true and correct copies thereof to the attorneys through the court's Cm/ECF system on the date set forth above.

/s/Michael E. Haglund
Michael E. Haglund

PAGE 1 -- CERTIFICATE OF SERVICE