FILED'11 FEB 28 14:54 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LLOYD D. WHALEY, et al.,

          Plaintiffs,

    v.

PACIFIC SEAFOOD GROUP, et al.,

          Defendants.

Civ. No.  10-3057-PA

**ORDER**

**PANNER, J.**

    In this antitrust action, plaintiffs, who are commercial fishermen, move for a preliminary injunction against the defendant seafood processors.  Plaintiffs' proposed injunction would prohibit defendants from communicating with each other, except as necessary for accounting, about the prices for fish defendants are paying fishermen.  The proposed injunction would also prohibit defendants from communications intended to direct fishing vessels to particular seafood processing plants.

    I deny plaintiffs' motion for a preliminary injunction.

**LEGAL STANDARDS FOR PRELIMINARY INJUNCTIONS**

    A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

1 - ORDER

relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 374 (2008). The plaintiff "must establish that irreparable harm is <u>likely</u>, not just possible." <u>Alliance For The Wild Rockies v. Cottrell</u>, 2011 WL 208360, at *3 (9th Cir. Jan. 25, 2011). The court may apply a sliding scale test, under which the party seeking an injunction must show greater irreparable harm as the probability of success on the merits decreases. <u>Id.</u> at *4. The court's decision on a motion for a preliminary injunction is not a ruling on the merits. <u>See</u> <u>Sierra On-Line, Inc. v. Phoenix Software, Inc.</u>, 739 F.2d 1415, 1422 (9th Cir. 1984).

## DISCUSSION

Plaintiffs contend that the 2006 Agreement between Ocean Gold Seafoods, Inc. and Pacific Gold Seafood Co., a subsidiary of the Pacific Seafood Group, shows that defendants are conspiring to fix prices paid to fishermen, violating section 1 of the Sherman Act. Defendants respond that the 2006 Agreement creates a legitimate joint venture, under which Pacific Gold Seafood finances the purchase of fish and processing equipment, Ocean Gold Seafoods processes the fish, Pacific Gold Seafood sells the fish, and defendants split the profits.

In an antitrust case, the court must determine whether the challenged restraint promotes or harms competition. <u>See</u> <u>California Dental Ass'n v. FTC</u>, 526 U.S. 756, 779-80 (1999). Plaintiffs' second amended complaint alleges that defendants are suppressing competition in the Pacific coast markets for whiting, shrimp, Dungeness crab, and groundfish. Compl. ¶ 116.

2 - ORDER

The evidence indicates, however, that defendants' combined operations could affect only the market for whiting because Ocean Gold Seafoods has little or no share of the other allegedly affected seafood markets.

The complaint alleges that since 2006, defendants' combined operations have forced plaintiffs and other fishermen to sell fish to processors at less than competitive prices. Id. The evidence presented, however, does not support plaintiffs' allegation. Instead, the evidence indicates that since 2006 defendants' combined operations have expanded the market for whiting. Each year since 2006 (other than 2009, when there was a worldwide recession), defendants have been paying fishermen significantly higher prices for whiting, with record prices paid in 2008. Defendants have been purchasing increasing amounts of whiting, and several new processors have entered the whiting market since 2006. I conclude plaintiffs have not shown they are likely to prevail on their claim under Section 1 of the Sherman Act.

Plaintiffs also have not shown at this stage that they are being harmed by defendants' alleged illegal price-fixing. On the other hand, defendants have presented evidence that the proposed injunction would interfere with their business operations.

Plaintiffs argue that the proposed injunction should be granted because it is narrow in scope and would have little effect on defendants' operations. No matter how limited the relief plaintiffs seek, however, "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter,

3 - ORDER

129 S. Ct. at 376.

Plaintiffs have not shown at this stage that the balance of equities tips in their favor, or that the proposed injunction would be in the public interest.

## CONCLUSION

Plaintiffs' motion for preliminary injunction (#187) is denied.

IT IS SO ORDERED.

DATED this _____28_____ day of February, 2011.

OWEN M. PANNER
U.S. DISTRICT JUDGE

4 - ORDER