FILED'11 MAR 8 15:22USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LLOYD D. WHALEY, et al.,

                            Civ. No.   10-3057-PA

             Plaintiffs,

     v.                          **ORDER**

PACIFIC SEAFOOD GROUP, et al.,

             Defendants.

**PANNER, J.**

     In this antitrust action, defendants move to dismiss for
failure to state a claim.  The Ocean Gold defendants also move
for summary judgment.  I deny the motions, except as to three
Ocean Gold defendants.

**Motions to Dismiss**

**I.  Legal Standards**

     When deciding a motion to dismiss for failure to state a
claim, the court must treat the complaint's allegations of
material fact as true and construe them in the light most
favorable to the non-moving party.  Coalition for ICANN
Transparency, Inc. v. VeriSign, Inc., 611 F.3d 495, 501 (9th
Cir. 2010).  "'On a motion to dismiss in an antitrust case, a
court must determine whether an antitrust claim is "plausible"

1 - ORDER

in light of basic economic principles.'" Id. (quoting William
O. Gilley Enters., Inc. v. Atlantic Richfield Co., 588 F.3d
659, 662 (9th Cir. 2009) (per curiam)).  "A claim has facial
plausibility when the plaintiff pleads factual content that
allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." Ashcroft v.
Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp.
v. Twombly, 550 U.S. 544, 556 (2007)).

## II.  Discussion

### A.  Section 1 Claim

Plaintiffs bring a claim against all defendants under
Section 1 of the Sherman Act, which prohibits agreements that
unreasonably restrain interstate commerce. See State Oil Co.
v. Khan, 522 U.S. 3, 10 (1997).  To state a claim under Section
1, a plaintiff must allege a conspiracy whose participants
intend to restrain trade, causing actual injury to competition.
Coalition for ICANN Transparency, 611 F.3d at 501-02.
Plaintiffs contend that the 2006 Agreement between Ocean Gold
Seafoods, Inc. and Pacific Gold Seafood Co., a subsidiary of
the Pacific Seafood Group, shows that defendants are illegally
conspiring to fix prices they pay to fishermen.

In opposing the motion for a preliminary injunction,
defendants presented evidence that their joint operations under
the 2006 Agreement promote competition in the market for
Pacific whiting, and that other seafood markets are not
affected by their agreement.  Much of that evidence, however,
cannot be considered in ruling on these motions to dismiss
because it is outside the pleadings and not subject to judicial

2 - ORDER

notice.  I conclude that the complaint's allegations are
sufficient to survive defendants' motions to dismiss, with one
exception.  I agree with the Ocean Gold defendants that the
second amended complaint fails to allege that Ocean Protein,
LLC, Ocean Gold Transport, LLC, and Ocean Cold, LLC had any
role in the alleged conspiracy.  I dismiss these defendants
with prejudice.

### B.  Section 2 Claims

Plaintiffs bring claims under Section 2 of the Sherman
Act, contending that the Pacific Seafood Group defendants have
monopolized and attempted to monopolize the West Coast markets
for Pacific whiting, groundfish, shrimp, and Dungeness crab.

To state a claim for monopolization under Section 2, a
plaintiff must plead facts showing the defendant possesses
monopoly power in the relevant market, and acquired or
perpetuates this power using illegitimate predatory practices.
Coalition for ICANN Transparency, 611 F.3d at 506 (citing
Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536,
541-42 (9th Cir. 1991)).  To state a claim for attempted
monopolization under Section 2, a plaintiff must show: "(1)
specific intent to control prices or destroy competition; (2)
predatory or anticompetitive conduct to accomplish the
monopolization; (3) dangerous probability of success; and (4)
causal antitrust injury."  Cost Mgmt. Servs., Inc. v.
Washington Natural Gas Co., 99 F.3d 937, 950 (9th Cir. 1996).

Plaintiffs' allegations in the second amended complaint
are sufficient to state claims for monopolization and attempted
monopolization against the Pacific Seafood Group.

**Ocean Gold's Motion for Summary Judgment**

Ocean Gold moves for summary judgment, contending that plaintiffs lack standing because they have not shown that Ocean Gold harmed them.  At their depositions, neither plaintiff could cite any damage caused by Ocean Gold.

I conclude that it would be premature to rule on standing while discovery continues.  I deny Ocean Gold's motion for summary judgment at this time.

**Defendants' Motion to Strike Wilen Declaration**

Defendants move strike the declaration of plaintiffs' expert James Wilen.  Defendants' objections go to the weight to be given Wilen's opinions, not admissibility.  I deny the motion to strike.

**CONCLUSION**

Pacific Seafood Group's motion to dismiss (#124) is denied.  Ocean Gold Seafood's motion to dismiss and for summary judgment (#157) is denied in part and granted in part. Defendants Ocean Protein, LLC, Ocean Gold Transport, LLC, and Ocean Cold, LLC are dismissed with prejudice.  Defendants' motion to strike (#209) the Wilen Declaration (#184) is denied.

IT IS SO ORDERED.

DATED this _____7_____ day of March, 2011.

OWEN M. PANNER
U.S. DISTRICT JUDGE