**Michael E. Haglund,** OSB No. 772030
email: mhaglund@hk-law.com
**Michael K. Kelley,** OSB No. 853782
email: mkelley@hk-law.com
**HAGLUND KELLEY LLP**
200 SW Market Street, Suite 1777
Portland, Oregon 97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Medford Division)

| | |
|---|---|
| **LLOYD D. WHALEY, TODD L. WHALEY, BRIAN NOLTE, JEFF BOARDMAN, MISS SARAH, LLC, DYNAMIK FISHERIES, INC. and MY FISHERIES, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**PACIFIC SEAFOOD GROUP, DULCICH, INC., FRANK DULCICH, PACIFIC SEAFOOD GROUP ACQUISITION COMPANY, INC., PACIFIC SEAFOOD WASHINGTON ACQUISITION CO., INC., BANDON PACIFIC, INC., BIO-OREGON PROTEIN, INC., PACIFIC CHOICE SEAFOOD COMPANY, PACIFIC COAST SEAFOODS COMPANY, PACIFIC GARIBALDI, INC., PACIFIC GOLD SEAFOOD COMPANY, PACIFIC PRIDE SEA FOOD COMPANY, PACIFIC SEA FOOD CO., PACIFIC SURIMI CO., INC., PACIFIC TUNA COMPANY, LLC, WASHINGTON CRAB PRODUCERS, INC., PACIFIC ALASKA SHELLFISH, INC., SEA LEVEL** | Case No.:  1:10-cv-03057-MC<br><br>**PLAINTIFFS' PROPOSED DISPUTE RESOLUTION PROCEDURE** |

PAGE 1 –  **PLAINTIFFS' PROPOSED DISPUTE RESOLUTION PROCEDURE**

**SEAFOODS, LLC, ISLAND FISH CO.,
LLC, PACIFIC RESURRECTION BAY,
PACIFIC CONQUEST, INC.,
CALAMARI, LLC, JO MARIE LLC,
LESLIE LEE, LLC, MISS PACIFIC, LLC,
PACIFIC FUTURE, LLC, PACIFIC
GRUMPY J, LLC, PACIFIC HOOKER,
LLC, PACIFIC HORIZON, LLC,
PACIFIC KNIGHT, LLC, PRIVATEER
LLC, SEA PRINCESS, LLC, TRIPLE
STAR, LLC, PACIFIC FISHING, LLC,
PACIFIC SEA FOOD OF ARIZONA,
INC., STARFISH INVESTMENTS, INC.,
DULCICH SURIMI, LLC, BIO-OREGON
PROPERTIES, LLC, PACIFIC GROUP
TRANSPORT CO., PACIFIC
MARKETING GROUP, INC., PACIFIC
RUSSIA, INC., PACIFIC RUSSIA
VENTURES, LLC, PACIFIC TUNA
HOLDING COMPANY, INC., POWELL
STREET MARKET LLC, PACIFIC
FRESH SEA FOOD COMPANY,
SEACLIFF SEAFOODS, INC., COPPER
RIVER RESOURCE HOLDING CO.,
INC., PACIFIC COPPER RIVER
ACQUISITION CO., INC., SEA LEVEL
SEAFOODS ACQUISITION, INC.,
ISLAND COHO, LLC, S & S SEAFOOD
CO., INC., PACIFIC SEAFOOD DISC,
INC., DULCICH REALTY, LLC,
DULCICH REALTY ACQUISITION,
LLC, DULCICH JET, LLC and OCEAN
GOLD SEAFOODS, INC.,**

                    Defendants.

I.    **INTRODUCTION.**

        This matter which involves a very narrow dispute over the enforcement of a single term

in a 2012 settlement agreement over which this Court retained jurisdiction.  The sole question is

whether the term of the settlement agreement should be extended for five years.  The issue for

PAGE 2 –  **PLAINTIFFS' PROPOSED DISPUTE
RESOLUTION PROCEDURE**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
PL10 -- 50903

decision is whether the term of a package of provisions that the parties agreed were designed "to assure the competitiveness and transparency" of three ex vessel seafood markets on the West Coast should be extended for five years because current conditions in those markets warrant the extension. As explained below, this narrow controversy should be decided without discovery on the basis of simultaneous opening and answering briefs filed on October 15, 2017 and November 1, 2017, respectively, and a one day evidentiary hearing scheduled for mid-November, 2017.

This litigation was commenced on June 21, 2010 by Lloyd Whaley and other class representatives seeking damages and injunctive relief for a class of fishermen and vessel owners who delivered trawl-caught groundfish, whiting and pink shrimp to West Coast processors between June 21, 2006 and December 31, 2011. The case was intensively litigated over 20 months involving voluminous discovery and a total of 60 depositions. On January 31, 2012, this Court certified the following class:

> Commercial fishing vessel owners and fishermen who delivered trawl-caught groundfish, whiting or pink shrimp to seafood processors on the West Coast from Ft. Bragg in northern California to the Canadian border, at any time between June 21, 2006 and December 31, 2011.

In the first quarter of 2012, the parties engaged in lengthy negotiations that ultimately produced the Stipulation and Resolution Agreement of Class Action Claims that is Exhibit A. As noted in the introduction to the Resolution Agreement, the class representatives "agreed to drop claims for damages against defendants in exchange for defendants' continued support of a comprehensive package of provisions designed to assure the competitiveness and transparency of the onshore whiting, groundfish and pink shrimp markets on the West Coast." Those provisions are set out in Sections 3 through 8 of the Resolution Agreement and include 12 specific

PAGE 3 –  **PLAINTIFFS' PROPOSED DISPUTE RESOLUTION PROCEDURE**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
PL10 -- 50903

obligations on the part of Pacific Seafood Group. A brief description of these provisions is set out below.

1.    **Section 3.  Pacific Seafood Group/Ocean Gold Seafoods, Inc. Contract.**

§3(a). The 2006 agreement between Pacific Seafood Group and Ocean Gold Seafoods will not be renewed and any new agreement involving exclusive marketing subject to notice and approval only if determined to be pro-competitive. This provision is not at issue here because Pacific Seafood Group sought to acquire Ocean Gold Seafoods outright, a transaction that is the subject of a preliminary injunction in the related case of *Boardman v. Pacific Seafood Group*, 1:15-cv-00108-MC.

§3(b).  Pacific Seafood Group and Ocean Gold Seafoods required to amend their 2006 agreement by May 31, 2012 to eliminate provisions that arguably required price fixing between those parties. This provision is not at issue here.

2.    **Section 4.  Processor-Owned Fishing Vessels.**

§4(a). Pacific Seafood and Ocean Gold employees not to serve as managers of fishermen's cooperatives and no vessel owned by these parties will be a member of a fishermen's cooperative.

§4(b). Regarding the pink shrimp market, Pacific Seafood will allocate its fleet among its West Coast processing plants and will treat its own vessels on a like-rotation and like-limits basis when compared to other shrimpers selling on a regular basis to Pacific Seafood.

§4(c). Pacific Seafood prohibited from sending one of its own vessels out to fish for shrimp before all processors in any given port have agreed to ex vessel shrimp prices in that port or other vessels have started fishing for shrimp. First of two provisions with a 10-year term.

3.    **Section 5.  Enhanced Market Transparency.**

§5(a). All prink shrimp purchased and peeled will be paid for on a peel-count basis and ice sampling procedures will be standardized at Pacific Seafood's West Coast plants.

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
PL10 -- 50903

§5(b).  If two competing processors so agree, Pacific Seafood and Ocean Gold Seafoods agree to provide average wholesale pricing to the seafood industry's predominant market information service.  Not at issue in this case.

**4.    Section 6.  Ex Vessel Market Enhancements.**

§6(a).  Pacific Seafood will continue to negotiate ex vessel prices with fishermen and maintain its open door practice of allowing captains or vessel owners to observe the weighing and grading of their catches.

§6(b).  Commitment to explore alternative pricing approaches for shrimp, onshore whiting and groundfish in 2013.  Not at issue here.

**5.    Section 7.  New Processor Entry Enhancement.**

§7(a).  Pacific Seafood agrees to sell its unused waterfront property in Crescent City, California at fair market value to any third party that will use the location for a seafood processing plant, unless Pacific Seafood has a reasonable business purpose for retaining the property for its own seafood business.

§7(b).  Pacific Seafood and Ocean Gold Seafoods agree to accept weigh-backs and fish scrap or offal from new or existing seafood processors at their meal plants.

**6.    Section 8.  Protection of Class Representatives.**

§8(a).  In the event any class representative loses an existing ex vessel market, Pacific Seafood Group and Ocean Gold Seafoods agree to make pink shrimp, groundfish, whiting and/or Dungeness crab markets available to that class representative on the same basis as other similarly situated vessels.   Second of two provisions with a 10-year term.

As noted above, three of the 12 pro-competitive provisions in the Resolution Agreement are not at issue here.  The other nine all address specific business practices that Pacific Seafood has been required to follow since the Resolution Agreement became effective on May 21, 2012.  Of the nine provisions in dispute, seven have an initial term of five years and two have initial terms of ten years.

PAGE 5 –  **PLAINTIFFS' PROPOSED DISPUTE RESOLUTION PROCEDURE**

**Haglund Kelley LLP**
**200 SW Market Street, Suite 1777**
**Portland, OR  97201**
**Tel:  (503) 225-0777 / Fax:  (503) 225-1257**
**PL10 -- 50903**

Section 9 of the Resolution Agreement expressly authorizes five-year extensions of those terms "in the event conditions in the West Coast markets for trawl-caught groundfish, whiting and pink shrimp warrant." The full text of Section 9 governing the term of the Resolution Agreement is set out below:

> **Term.** Except as noted in Sections 4(c) and 8 above, this Agreement shall have a term of five years from the Effective Date. Further, in the event conditions in the West Coast markets for trawl-caught groundfish, whiting and pink shrimp warrant, U.S. District Judge Michael R. Hogan shall have the discretion to extend the term of this Agreement for an additional five years.

The dispute here is very narrow: whether conditions in three ex vessel seafood markets on the West Coast warrant extension of the pro-competitive provisions of the Resolution Agreement pursuant to Section 9. In light of the reference in the Resolution Agreement introduction to this package of provisions as being "designed to assure the competitiveness and transparency" of three seafood input markets, there should be no question that the conditions being assessed to determine whether to extend the term of the Resolution Agreement are the existing competitive conditions in these markets.

There is no basis for treating this dispute as the equivalent of a new civil action requiring discovery and a trial. In exercising its enforcement authority under the Resolution Agreement, this Court has broad discretion to adopt an efficient and streamlined procedure to resolve this limited dispute. *Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1309 (9th Cir. 1977) ("the district court is in the best position to consider the most fair and efficient procedure for conducting any given litigation. Such a determination by the court will not be disturbed on appeal unless the party challenging it can show an abuse of discretion.") Plaintiffs propose the parties file simultaneous opening briefs on October 15, 2017, simultaneous response briefs on

PAGE 6 – **PLAINTIFFS' PROPOSED DISPUTE RESOLUTION PROCEDURE**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
PL10 -- 50903

November 1, 2017 and that the Court schedule a one day evidentiary hearing for mid-November, 2017.

Dated this 11th day of August, 2017.

Respectfully submitted,

HAGLUND KELLEY LLP

By: /s/ Michael E. Haglund
Michael E. Haglund, OSB No. 772030
Michael K. Kelley, OSB No. 853782
Attorneys for Plaintiffs

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
PL10 -- 50903

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August, 2017, I served the foregoing **PLAINTIFFS' PROPOSED DISPUTE RESOLUTION PROCEDURE** on the following by the following indicated method(s):

Michael J. Esler
Esler Stephens & Buckley
121 SW Morrison, Suite 700
Portland, OR 97204
esler@eslerstephens

Randolph Foster
Timothy Snider
Stoel Rives LLP
760 SW Ninth Street, Suite 3000
Portland, OR 97205-2584
Randy.foster@stoel.com
twsnider@stoel.com

William L. Larkins, Jr.
Chris Kayser
Larkins Vacura LLP
121 SW Morrison Street, Suite 700
Portland, OR 97204
wlarkins@lvklaw.com
cjkayser@lvklaw.com

Robert J. Preston
Elliott Ostrander & Preston
707 SW Washington Street, Suite 1500
Portland, OR 97205
robert@eoplaw.com

☐ by **mailing** a full, true and correct copy thereof in a sealed first-class postage prepaid envelope, addressed to the foregoing attorneys at their last known office address, and deposited with the United States Post Office at Portland, Oregon on the date set forth above.

☐ by **emailing** a full, true and correct copy thereof to the foregoing attorneys at their last known email addresses on the date set forth above.

☐ by causing a full, true and correct copy thereof to be **hand delivered** to the attorneys at their last known address listed above on the date set forth above.

☐ by sending a full, true and correct copy thereof via **overnight mail** in a sealed, prepaid envelope, addressed to the attorneys as shown above on the date set forth above.

☐ by **faxing** a full, true and correct copy thereof to the attorneys at the fax number shown above, which is the last-known fax number for the attorneys' office on the date set forth above.

☒ by transmitting full, true and correct copies thereof to the attorneys through the court's Cm/ECF system on the date set forth above.

*/s/Michael E. Haglund*

**PAGE 1 -- CERTIFICATE OF SERVICE**