IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LLOYD D. WHALEY, et al.,

            Plaintiffs,

    v.

PACIFIC SEAFOOD GROUP, et al.,

            Defendants.

Civ. No. 1:10-cv-3057-MC

**ORDER**

McSHANE, District Judge.

      In this antitrust action, Plaintiffs, who are commercial fishermen and vessel owners, claim that Defendants Pacific Seafood Group, Frank Dulcich, and other businesses associated with the Pacific Seafood Group (collectively referred to as Pacific Seafood) used their market power as wholesale buyers to lower prices they paid for groundfish, Pacific whiting, and pink shrimp. Through arbitration with then-District Judge Michael Hogan, in 2012 the parties entered into a Stipulation and Resolution Agreement of Class Action Claims (the Resolution Agreement). Based on the Resolution Agreement, this court entered judgment. ECF No. 437.

      The parties agreed that the Resolution Agreement would remain in effect for five years, and that Judge Hogan would have discretion to renew the Agreement for another five-year term if "conditions in the West Coast markets for trawl-caught groundfish, whiting and pink shrimp

Page | 1 - ORDER

warrant." Resolution Agreement § 9.  The Resolution Agreement also provided that if Judge Hogan was not available, Magistrate-Judge John Jelderks would act as arbitrator in his place.  Resolution Agreement § 10.  Judge Hogan later retired from his federal judgeship and because a private mediator.

In May of this year, Plaintiffs filed a Motion to Reopen.  ECF No. 438.  I granted the motion, and ruled that because Judge Hogan has retired from his federal judgeship, he was no longer an appropriate arbitrator under the terms of the Resolution Agreement.  ECF No. 459.  After the parties' designated replacement arbitrator, Judge Jelderks, declined the appointment, I appointed Magistrate-Judge Jolie Russo to act as arbitrator.   ECF No. 470.

Pacific Seafood appealed the order appointing Judge Russo, arguing that Judge Hogan is available and is the arbitrator designated by the Resolution Agreement.  Pacific Seafood now files a Motion to Stay Arbitration pending its appeal.  I grant the Motion to Stay Arbitration.

## LEGAL STANDARDS FOR STAY PENDING APPEAL

This court has discretion to grant a stay of arbitration pending appeal, applying the standards for granting a preliminary injunction.  *See Textile Unlimited, Inc. v. A..BMH and Co.*, 240 F.3d 781, 786 (9th Cir. 2001).  In exercising its discretion to stay an action pending appeal, the court should consider

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

*Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).  The party seeking the stay must show at least a "'substantial case for relief on the merits.'"  *Id.* at 1204 (quoting *Leiva–Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011) (per curiam)).

## DISCUSSION

I conclude that a stay of arbitration pending Pacific Seafood's appeal is appropriate. Pacific Seafood has made a sufficient showing that it may prevail on appeal. Although I adhere to my conclusion that the terms of the Resolution Agreement show that the parties intended to appoint a sitting federal judge as arbitrator, Pacific Seafood in its appeal has raised a serious question whether the parties intended to designate Judge Hogan as arbitrator, regardless of whether he remained a federal judge. Pacific Seafood (as well as Plaintiffs) could be harmed unless this court grants a stay because if the Ninth Circuit agrees with Pacific Seafood's position on appeal, then the parties would have wasted time and resources during arbitration proceedings before Judge Russo. Plaintiffs have not shown that they would be significantly harmed by a stay, and preventing the waste of judicial resources is in the public interest.

## CONCLUSION

Pacific Seafood's Motion to Stay Arbitration, ECF No. 473, is GRANTED.

It is so ORDERED and DATED this <u>1st</u> day of November, 2017.

                                        /s/
                            MICHAEL McSHANE
                            United States District Judge